**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security   **0** Assumption of Executory Contract or Unexpired Lease   **0** Lien Avoidance

Last Revised September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:                                                                Case No. _____
                                                                      Judge _____
Mena, Diana
_____
              Debtor(s)

### CHAPTER 13 PLAN AND MOTIONS

[ ] Original                    [x] Modified/Notice Required           Date: March 26, 2020

[ ] Motions Included            [ ] Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

THIS PLAN:

[ ] DOES [X] DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[ ] DOES [X] DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

[ ] DOES [X] DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: BJG          Initial Debtor: **DM**          Initial Co-Debtor:

### Part 1: Payment and Length of Plan

a. The debtor shall pay $ **140.00** per **month** to the Chapter 13 Trustee, starting on __January 1, 2020__ for approximately **60** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
[X] Future Earnings
[ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
[ ] Sale of real property
    Description:
    Proposed date for completion: _____

[ ] Refinance of real property
    Description:
    Proposed date for completion: _____

[x] Loan modification with respect to mortgage encumbering property
    Description: Loan Modification with Citi Mortgage on primary residence
    Proposed date for completion: __June 4, 2020__

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection [X] NONE

a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ ____1937____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____Citi Mortgage_____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Law Office of Benjamin J. Ginter | Administrative Expense | 2,800.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
[X] None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| None | | | |

### Part 4: Secured Claims

2

**a. Curing Default and Maintaining Payments on Principal Residence: [X]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Citi Mortgage | primary residence | $100,000 | 0 | 0 | Debtor shall make adequate protection payments each month in the amount of $1937 until a decision has been made on debtors' loan modification application |
| Bayview | primary residence | $13,280 | | | Debtor shall make regular payments |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| None | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

| None | | | | | | |
|------|--|--|--|--|--|--|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [X] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|----------|-----------|----------------|------------------------|----------------|------------------------------------------|----------------------|-------------------------|
| None | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender [X] NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|----------|------------------------------|---------------------------------|--------------------------|
| None | | | |

**f. Secured Claims Unaffected by the Plan [X] NONE**

The following secured claims are unaffected by the Plan:
None

**g. Secured Claims to Be Paid in Full Through the Plan [X] NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|----------|-----------|------------------------------------------|
| None | | |

## Part 5: Unsecured Claims [ ] NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

___ Not less than $ _____ to be distributed *pro rata*
_x_ Not less than   100   percent
___ *Pro Rata* distribution from any remaining funds

**b. Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|----------|-----------------------------------|-----------|-------------------|
| | | | |

4

| None | | | | |
|---|---|---|---|---|

### Part 6: Executory Contracts and Unexpired Leases [X] NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| None | | | | |

### Part 7: Motions [ ] NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). [ ] NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| None | | | | | | | |

b. Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured. [X] NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| None | | | | | | |

c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. [X] NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| None | | | | | |

### Part 8: Other Plan Provisions

5

**a. Vesting of Property of the Estate**

_X_ Upon Confirmation
___ Upon Discharge

**b. Payment Notices**

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) **Trustee Commissions**
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

**d. Post-petition claims** The Standing Trustee [ ] is, [X] is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification [ ] NONE

If this plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
| Added 2nd Mortgage | Payments to 2nd Mortgage to bring arrears current |

Are Schedules I and J being filed simultaneously with this Modified Plan? [ ] Yes [X] No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

[X] NONE
[ ] Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

| | |
|---|---|
| Date: **March 26, 2020** | */s/ Diana Mena* |
| | Debtor |
| Date: **March 26, 2020** | |
| | Joint Debtor |
| Date: **March 26, 2020** | */s/ Benjamin Ginter* |
| | Attorney for the Debtor(s) |

7

```
                            United States Bankruptcy Court
                                  District of New Jersey
In re:                                                               Case No. 19-32718-SLM
Diana Mena                                                           Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-2          User: admin                Page 1 of 2         Date Rcvd: Mar 27, 2020
                              Form ID: pdf901            Total Noticed: 23


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 29, 2020.
db             Diana Mena,    820 Palisade Ave,    Union City, NJ   07087-4120
aty           +Jenelle C. Arnold,    Aldridge Pite, LLP,    4375 Jutland Dr.,    Ste., 200,    PO Box 17933,
                San Diego, CA 92177-7921
cr            +CITIMORTGAGE, INC.,    Phelan Hallinan & Schmieg, PC,    1617 JFK Boulevard,    Suite 1400,
                Philadelphia, PA 19103-1814
518604298     +Bank Of America,    PO Box 5170,    Simi Valley, CA 93062-5170
518781596     +Bayview Loan Servicing,    2601 S Bayshore Dr, 4th Floor,    Miami, FL 33133-5413
518631697     +Bayview Loan Servicing, LLC, a Delaware Limited Li,     c/o Jenelle C. Arnold, ALDRIDGE PITE, LL,
                4375 Jutland Drive, Suite 200,    P.O. Box 17933,   San Diego, CA 92177-7921
518708762     +CITIMORTGAGE, INC.,    CENLAR FSB,    ATTN: BK DEPARTMENT, 425 PHILLIPS BLVD.,
                EWING NJ 08618-1430
518604301     +Citi Mortgage,   Po Box 9438,    Gaithersburg, MD 20898-9438
518604303     +Phelan Hallinan & Schmieg,    400 Fellowship Road, Suite 100,    Mt Laurel, NJ 08054-3437
518604786      Thomas James,   820 Palisade Ave.,    Union City, NJ 07087-4120

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Mar 28 2020 00:06:07     U.S. Attorney,    970 Broad St.,
                Room 502,  Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Mar 28 2020 00:06:05     United States Trustee,
                Office of the United States Trustee,   1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                Newark, NJ 07102-5235
cr            +E-mail/PDF: gecsedi@recoverycorp.com Mar 28 2020 00:50:16
                Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,   Norfolk, VA 23541-1021
518702788     +E-mail/Text: bkmailbayview@bayviewloanservicing.com Mar 28 2020 00:06:23
                Bayview Loan Servicing, LLC,    4425 Ponce De Leon Blvd., 5th Floor,
                Coral Gables, FL 33146-1873
518604299     +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 28 2020 00:56:07     Capital One,
                PO Box 30285,   Salt Lake City, UT 84130-0285
518604302     +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Mar 28 2020 00:05:56     Comenity Bank,
                995 W 122nd Ave,   Westminster, CO 80234-3417
518682572      E-mail/Text: JCAP_BNC_Notices@jcap.com Mar 28 2020 00:06:14     Jefferson Capital Systems LLC,
                Po Box 7999,   Saint Cloud Mn 56302-9617
518604300      E-mail/PDF: ais.chase.ebn@americaninfosource.com Mar 28 2020 00:56:06     Chase,
                800 Brooksedge Blvd,   Columbus, OH 43081
518694300      E-mail/PDF: resurgentbknotifications@resurgent.com Mar 28 2020 00:50:36     LVNV Funding LLC,
                c/o Resurgent Capital Services,   PO Box 10587,    Greenville, SC 29603-0587
518682533     +E-mail/Text: bankruptcydpt@mcmcg.com Mar 28 2020 00:06:05     Midland Funding LLC,
                PO Box 2011,   Warren MI 48090-2011
518653938      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 28 2020 00:56:12
                Portfolio Recovery Associates, LLC,    c/o Capital One Bank (usa), N.a.,    POB 41067,
                Norfolk VA 23541
518604304     +E-mail/PDF: gecsedi@recoverycorp.com Mar 28 2020 00:56:00     Syncb,    Po Box 965036,
                Orlando, FL 32896-5036
518605263     +E-mail/PDF: gecsedi@recoverycorp.com Mar 28 2020 00:50:16     Synchrony Bank,
                c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                              TOTAL: 13

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 29, 2020                                    Signature:  /s/Joseph Speetjens

```
District/off: 0312-2           User: admin                Page 2 of 2            Date Rcvd: Mar 27, 2020
                               Form ID: pdf901            Total Noticed: 23
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 26, 2020 at the address(es) listed below:
              Benjamin Jamie Ginter    on behalf of Debtor Diana  Mena gintr316@aol.com
              Denise E. Carlon    on behalf of Creditor    Bayview Loan Servicing, LLC, a Delaware Limited
               Liability Company dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Robert  Davidow    on behalf of Creditor    CITIMORTGAGE, INC. nj.bkecf@fedphe.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                            TOTAL: 5
```