NOTICE OF OBJECTION TO CONFIRMATION

CITIMORTGAGE, INC. has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before 05/06/2020, you or your attorney must:

File with the Court an answer, explaining your position at:
**Clerk
U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103

MARIE-ANN GREENBERG, Trustee
Chapter 13 Standing Trustee, 30 TWO BRIDGES
ROAD SUITE 330
FAIRFIELD, NJ 07004

Attend the hearing scheduled to be held on 05/13/2020 in the NEWARK Bankruptcy Court, at the following address:
**U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: April 20, 2020

/s/ Melanie Grimes
Melanie Grimes, Esq.
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
Tel: 856-813-5500 Ext. 46245
Fax: 856-813-5501
Email: Melanie.Grimes@phelanhallinan.com

**File No. 833907**
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard
Philadelphia, PA 19103
856-813-5500
FAX Number 856-813-5501
CITIMORTGAGE, INC.

| | |
|---|---|
| In Re:<br><br>    DIANA MENA<br><br>Debtor | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE |

Chapter 13

Case No. 19-32718 - SLM

Hearing Date: 05/13/2020

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, CITIMORTGAGE, INC., the holder of a Mortgage on Debtor's residence located at 820 PALISADE AVE, UNION CITY, NJ 07087 hereby objects to the Confirmation of the Debtor's proposed Chapter 13 Modified Plan on the following grounds:

1.      On February 11, 2020, Secured Creditor filed a Total Debt Proof of Claim listing its secured claim in the amount of $789,524.24.  Secured Creditor filed a Total Debt Proof of Claim because the loan will mature during the life of the bankruptcy. A copy of the Proof of Claim is attached hereto as Exhibit "A" and made a part hereof.

2.      Debtor's Modified Plan treatment of Secured Creditor's claim is inconsistent with a total debt claim.

3.      Debtor's Modified Plan fails to indicate that Secured Creditor's total debt claim is to be paid through the Plan by the Chapter 13 Trustee.

4.      Debtor's Modified Plan should be amended to indicate that this is a total debt claim.

5.      The proposed Chapter 13 Plan must payoff the Total Debt stated above.

6.      The Plan fails to indicate that the Debtor will pay the taxes and insurance.

7.      Debtor's Modified Plan should be amended to indicate how the escrow

account will be cared for.


WHEREFORE, CITIMORTGAGE, INC. respectfully requests that the Confirmation of

Debtor's Modified Plan be denied.

<u>/s/ Melanie Grimes</u>
Melanie Grimes, Esq.
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
Tel: 856-813-5500 Ext. 46245
Fax: 856-813-5501
Email: Melanie.Grimes@phelanhallinan.com

Dated: April 20, 2020

# Exhibit "A"

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | DIANA MENA |
| Debtor 2 | |
| (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NEWARK Vicinage of the    District of New Jersey |
| | (State) |
| Case Number | 19-32718 SLM |

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. Use this form to make a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

The law requires that filer **must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. § 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:  Identify the Claim

| | | | |
|---|---|---|---|
| 1. | Who is the current creditor? | CITIMORTGAGE, INC. | |
| | | Name of the current creditor (the person or entity to be paid for this claim) | |
| | | Other names the creditor used with the debtor | |

| | | |
|---|---|---|
| 2. | Has this claim been acquired from someone else? | ☒ No |
| | | ☐ Yes. From Whom? _____ |

| | | | |
|---|---|---|---|
| 3. | Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | CENLAR FSB | CENLAR FSB |
| | | ATTN: BK DEPARTMENT, 425 PHILLIPS BLVD. | ATTN:BK DEPARTMENT, 425 PHILLIPS BLVD. |
| | | Number         Street | Number         Street |
| | | EWING         NJ         08618 | EWING         NJ         08618 |
| | | City         State         Zip | City         State         Zip |
| | | Contact Phone   (609) 883-3900 | Contact Phone   (609) 883-3900 |
| | | Contact Email   bankruptcydepartment@cenlar.com | Contact Email   bankruptcydepartment@cenlar.com |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one) | |

| | | |
|---|---|---|
| 4. | Does this claim amend one already filed? | ☒ No |
| | | ☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____ |

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No |
|---|---|---|
| | | ☐ Yes. Who made the earlier filing? _____ |

---

## Part 2:    Give Information about the Claim as of the Date the Case Was Filed

| 6. | Do you have any number you use to identify the debtor? | ☐ No |
|---|---|---|
| | | ☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 3387 |

---

| 7. | How much is the claim? | $789,524.24**  . Does this amount include interest or other charges? |
|---|---|---|
| | | *TOTAL DEBT CLAIM    ☐ No |
| | | ☒ Yes.    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

---

**8.  What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach any document supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

MONEY LOANED

---

**9.  Is all or part of the claim secured?**

☐ No
☒ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official form 410-A) with the *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe:    820 PALISADE AVE, COUNTY OF HUDSON, UN CITY, NJ 07087

**Basis for perfection:**    RECORDED MORTGAGE

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

| Value of property: | $ _____ | |
|---|---|---|
| Amount of the claim that is secured: | $  $789,524.24** | |
| | *TOTAL DEBT CLAIM | (The sum of the secured and unsecured amounts should match the amount in line 7.) |
| Amount of the claim that is unsecured: | $  $0.00 | |

Amount necessary to cure any default as of the date of the petition:    $  $N/A**
*TOTAL DEBT CLAIM

**Annual Interest Rate** (when case was filed) _6.250%
☒ Fixed
☐ Variable

---

| 10. | Is this claim based on a lease? | ☒ No |
|---|---|---|
| | | ☐ Yes.    Amount necessary to cure any default as of the date of the petition.    $ _____ |

---

| 11. | Is this claim subject to a right to setoff? | ☒ No |
|---|---|---|
| | | ☐ Yes.    Identify the property: _____ |

---

| 12. | Is all or part of the claim | ☒ | No |
|---|---|---|---|

| entitled to priority under 11 U.S.C. § 507(a)? | ☐ | Yes. *Check all that apply:* | **Amount entitled to priority** |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | | ☐ Domestic support obligation (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |
| | | *Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it.
**FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorized courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. § 152, 157 and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    February 11, 2020
               MM / DD / YYYY

/s/ Robert J. Davidow
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Robert J. Davidow, Esq. | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Phelan Hallinan Diamond & Jones, PC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1617 JFK Boulevard, Suite 1400 | | |
| | Philadelphia, PA 19103 | | |
| Contact phone | 856-813-5500 | Email | Robert.Davidow@phelanhallinan.com |

Mortgage Proof of Claim Attachment

**(12/15)**

**If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions**

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case Number: | 19-32718 SLM | Principal balance: | $378,279.16 | Principal & interest due: | $N/A | Principal & interest: | $N/A |
| Debtor 1: | DIANA MENA | Deferred Principal: | $0.00 | Prepetition fees due: | $N/A | Monthly escrow: | $N/A |
| Debtor 2: | | Interest due: | $250,674.76 | Escrow deficiency for funds advanced: | $N/A | Private mortgage insurance: | $N/A |
| Last 4 digits to identify: | 3387 | Fees, costs due: | $5,148.92 | Projected escrow shortage: | $N/A | Total monthly payment: | $N/A** ** TOTAL DEBT CLAIM |
| Creditor: | CITIMORTGAGE, INC. | Escrow deficiency for funds advanced: | $155,421.40 | Less funds on hand: | - $N/A | | |
| Servicer: | CENLAR FSB. | Less total funds on hand: | - $0.00 | Total prepetition arrearage: | $N/A** ** TOTAL DEBT CLAIM | | |
| Fixed accrual/daily simple interest/other: | Fixed Accrual | Total debt: | $789,524.24** **TOTAL DEBT CLAIM | | | | |

**Part 5: Loan Payment History from First Date of Default:**

| | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **A.** Date | **B.** Contractual Payment amount | **C.** Funds received | **D.** Amount Incurred | **E.** Description | **F.** Contractual Due Date | **G.** Prin. Int & esc past due balance | **H.** Amount to Principal | **I.** Amount to Interest | **J.** Amount to Escrow | **K.** Amount to Fees or Charges | **L.** Unapplied funds | **M.** Principal Balance | **N.** Accrued interest balance | **O.** Escrow balance | **P.** Fees / Charges Balance | **Q.** Unapplied Funds Balance |
| 12/31/2008 | | | | Beginning Balance | | | | | | | | $376,631.54 | | $3,996.64 | | |
| 12/31/2008 | | $4,069.21 | | Payment Applied | 01/01/2009 | ($4,069.21) | $1,267.70 | $1,961.62 | $839.89 | | | $375,363.84 | | $4,836.53 | $0.00 | $0.00 |
| 01/01/2009 | $4,069.21 | | | Payment Due | | $0.00 | | | | | | $375,363.84 | | $4,836.53 | $0.00 | $0.00 |
| 02/01/2009 | $4,069.21 | | | Payment Due | | $4,069.21 | | | | | | $375,363.84 | | $4,836.53 | $0.00 | $0.00 |
| 02/16/2009 | | | $129.17 | Late Charge | | $4,069.21 | | | | ($129.17) | | $375,363.84 | | $4,836.53 | $129.17 | $0.00 |
| 02/24/2009 | | | $1,556.00 | Escrow Advance - Insurance | | $4,069.21 | | | ($1,556.00) | | | $375,363.84 | | $3,280.53 | $129.17 | $0.00 |
| 03/01/2009 | $4,069.21 | | | Payment Due | | $8,138.42 | | | | | | $375,363.84 | | $3,280.53 | $129.17 | $0.00 |
| 03/03/2009 | | | $2,243.44 | Escrow Advance - Taxes | | $8,138.42 | | | ($2,243.44) | | | $375,363.84 | | $1,037.09 | $129.17 | $0.00 |
| 04/01/2009 | $4,069.21 | | | Payment Due | | $12,207.63 | | | | | | $375,363.84 | | $1,037.09 | $129.17 | $0.00 |
| 05/01/2009 | $4,069.21 | | | Payment Due | | $16,276.84 | | | | | | $375,363.84 | | $1,037.09 | $129.17 | $0.00 |
| 05/26/2009 | | | $2,243.45 | Escrow Advance - Taxes | | $16,276.84 | | | ($2,243.45) | | | $375,363.84 | | ($1,206.36) | $129.17 | $0.00 |
| 06/01/2009 | $4,069.21 | | | Payment Due | | $20,346.05 | | | | | | $375,363.84 | | ($1,206.36) | $129.17 | $0.00 |
| 07/01/2009 | $4,069.21 | | | Payment Due | | $24,415.26 | | | | | | $375,363.84 | | ($1,206.36) | $129.17 | $0.00 |
| 08/01/2009 | $4,069.21 | | | Payment Due | | $28,484.47 | | | | | | $375,363.84 | | ($1,206.36) | $129.17 | $0.00 |
| 09/01/2009 | $4,069.21 | | | Payment Due | | $32,553.68 | | | | | | $375,363.84 | | ($1,206.36) | $129.17 | $0.00 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/01/2009 | $4,069.21 | | Payment Due | | $36,622.89 | | | | | | $375,363.84 | ($1,206.36) | $129.17 | $0.00 |
| 10/12/2009 | | $2,326.22 | Escrow Advance - Taxes | | $36,622.89 | | | ($2,326.22) | | | $375,363.84 | ($3,532.58) | $129.17 | $0.00 |
| 10/19/2009 | $4,069.21 | | Payment Applied | 02/01/2009 | $32,553.68 | $1,274.30 | $1,955.02 | $839.89 | | | $374,089.54 | ($2,692.69) | $129.17 | $0.00 |
| 11/01/2009 | $4,069.21 | | Payment Due | | $36,622.89 | | | | | | $374,089.54 | ($2,692.69) | $129.17 | $0.00 |
| 12/01/2009 | $4,069.21 | | Payment Due | | $40,692.10 | | | | | | $374,089.54 | ($2,692.69) | $129.17 | $0.00 |
| 12/04/2009 | | $2,326.21 | Escrow Advance - Taxes | | $40,692.10 | | | ($2,326.21) | | | $374,089.54 | ($5,018.90) | $129.17 | $0.00 |
| 01/01/2010 | $4,069.21 | | Payment Due | | $44,761.31 | | | | | | $374,089.54 | ($5,018.90) | $129.17 | $0.00 |
| 02/01/2010 | $4,069.21 | | Payment Due | | $48,830.52 | | | | | | $374,089.54 | ($5,018.90) | $129.17 | $0.00 |
| 02/11/2010 | | $2,327.12 | Escrow Advance - Taxes | | $48,830.52 | | | ($2,327.12) | | | $374,089.54 | ($7,346.02) | $129.17 | $0.00 |
| 03/01/2010 | $4,069.21 | | Payment Due | | $52,899.73 | | | | | | $374,089.54 | ($7,346.02) | $129.17 | $0.00 |
| 03/10/2010 | | $1,592.00 | Escrow Advance - Insurance | | $52,899.73 | | | ($1,592.00) | | | $374,089.54 | ($8,938.02) | $129.17 | $0.00 |
| 04/01/2010 | $4,069.21 | | Payment Due | | $56,968.94 | | | | | | $374,089.54 | ($8,938.02) | $129.17 | $0.00 |
| 04/05/2010 | | $443.14 | Escrow Advance - Taxes | | $56,968.94 | | | ($443.14) | | | $374,089.54 | ($9,381.16) | $129.17 | $0.00 |
| 04/05/2010 | | $2,929.67 | Escrow Advance - Taxes | | $56,968.94 | | | ($2,929.67) | | | $374,089.54 | ($12,310.83) | $129.17 | $0.00 |
| 04/07/2010 | | $2,327.12 | Escrow Advance - Taxes | | $56,968.94 | | | ($2,327.12) | | | $374,089.54 | ($14,637.95) | $129.17 | $0.00 |
| 05/01/2010 | $4,069.21 | | Payment Due | | $61,038.15 | | | | | | $374,089.54 | ($14,637.95) | $129.17 | $0.00 |
| 06/01/2010 | $4,069.21 | | Payment Due | | $65,107.36 | | | | | | $374,089.54 | ($14,637.95) | $129.17 | $0.00 |
| 07/01/2010 | $4,069.21 | | Payment Due | | $69,176.57 | | | | | | $374,089.54 | ($14,637.95) | $129.17 | $0.00 |
| 08/01/2010 | $4,069.21 | | Payment Due | | $73,245.78 | | | | | | $374,089.54 | ($14,637.95) | $129.17 | $0.00 |
| 09/01/2010 | $4,069.21 | | Payment Due | | $77,314.99 | | | | | | $374,089.54 | ($14,637.95) | $129.17 | $0.00 |
| 10/01/2010 | $4,069.21 | | Payment Due | | $81,384.20 | | | | | | $374,089.54 | ($14,637.95) | $129.17 | $0.00 |
| 10/12/2010 | | $2,387.23 | Escrow Advance - Taxes | | $81,384.20 | | | ($2,387.23) | | | $374,089.54 | ($17,025.18) | $129.17 | $0.00 |
| 10/22/2010 | | $2,387.23 | Escrow Advance - Taxes | | $81,384.20 | | | ($2,387.23) | | | $374,089.54 | ($19,412.41) | $129.17 | $0.00 |
| 11/01/2010 | $4,069.21 | | Payment Due | | $85,453.41 | | | | | | $374,089.54 | ($19,412.41) | $129.17 | $0.00 |
| 12/01/2010 | $4,069.21 | | Payment Due | | $89,522.62 | | | | | | $374,089.54 | ($19,412.41) | $129.17 | $0.00 |
| 12/02/2010 | | $95.00 | Legal Costs | | $89,522.62 | | | | | ($95.00) | $374,089.54 | ($19,412.41) | $224.17 | $0.00 |
| 12/02/2010 | | $100.00 | Legal Costs | | $89,522.62 | | | | | ($100.00) | $374,089.54 | ($19,412.41) | $324.17 | $0.00 |
| 12/02/2010 | | $75.00 | Legal Costs | | $89,522.62 | | | | | ($75.00) | $374,089.54 | ($19,412.41) | $399.17 | $0.00 |
| 01/01/2011 | $4,069.21 | | Payment Due | | $93,591.83 | | | | | | $374,089.54 | ($19,412.41) | $399.17 | $0.00 |
| 02/01/2011 | $4,069.21 | | Payment Due | | $97,661.04 | | | | | | $374,089.54 | ($19,412.41) | $399.17 | $0.00 |
| 02/16/2011 | $4,069.21 | | Payment Applied | 03/01/2009 | $93,591.83 | $1,280.94 | $1,948.38 | $839.89 | | | $372,808.60 | ($18,572.52) | $399.17 | $0.00 |
| 02/25/2011 | | $1,632.00 | Escrow Advance - Insurance | | $93,591.83 | | | ($1,632.00) | | | $372,808.60 | ($20,204.52) | $399.17 | $0.00 |
| 03/01/2011 | $4,069.21 | | Payment Due | | $97,661.04 | | | | | | $372,808.60 | ($20,204.52) | $399.17 | $0.00 |
| 03/08/2011 | | $2,391.00 | Escrow Advance - Taxes | | $97,661.04 | | | ($2,391.00) | | | $372,808.60 | ($22,595.52) | $399.17 | $0.00 |
| 03/23/2011 | | $13.50 | Property | | $97,661.04 | | | ($13.50) | | | $372,808.60 | ($22,595.52) | $412.67 | |

| Date | Amount | Escrow | Inspection | Description | Balance | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Inspection | | | | | | | | | | |
| 04/01/2011 | $4,069.21 | | | Payment Due | $101,730.25 | | | | | $372,808.60 | | ($22,595.52) | $412.67 | $0.00 |
| 04/15/2011 | | $2,390.99 | | Escrow Advance - Taxes | $101,730.25 | | | ($2,390.99) | | $372,808.60 | | ($24,986.51) | $412.67 | $0.00 |
| 04/26/2011 | | | $13.50 | Property Inspection | $101,730.25 | | | ($13.50) | | $372,808.60 | | ($24,986.51) | $426.17 | $0.00 |
| 05/01/2011 | $4,069.21 | | | Payment Due | $105,799.46 | | | | | $372,808.60 | | ($24,986.51) | $426.17 | $0.00 |
| 05/25/2011 | | | $13.50 | Property Inspection | $105,799.46 | | | ($13.50) | | $372,808.60 | | ($24,986.51) | $439.67 | $0.00 |
| 06/01/2011 | $4,069.21 | | | Payment Due | $109,868.67 | | | | | $372,808.60 | | ($24,986.51) | $439.67 | $0.00 |
| 07/01/2011 | $4,069.21 | | | Payment Due | $113,937.88 | | | | | $372,808.60 | | ($24,986.51) | $439.67 | $0.00 |
| 07/12/2011 | | | $13.50 | Property Inspection | $113,937.88 | | | ($13.50) | | $372,808.60 | | ($24,986.51) | $453.17 | $0.00 |
| 08/01/2011 | $4,069.21 | | | Payment Due | $118,007.09 | | | | | $372,808.60 | | ($24,986.51) | $453.17 | $0.00 |
| 08/11/2011 | | | $13.50 | Property Inspection | $118,007.09 | | | ($13.50) | | $372,808.60 | | ($24,986.51) | $466.67 | $0.00 |
| 09/01/2011 | $4,069.21 | | | Payment Due | $122,076.30 | | | | | $372,808.60 | | ($24,986.51) | $466.67 | $0.00 |
| 09/19/2011 | | | $13.50 | Property Inspection | $122,076.30 | | | ($13.50) | | $372,808.60 | | ($24,986.51) | $480.17 | $0.00 |
| 10/01/2011 | $4,069.21 | | | Payment Due | $126,145.51 | | | | | $372,808.60 | | ($24,986.51) | $480.17 | $0.00 |
| 10/18/2011 | | $2,529.26 | | Escrow Advance - Taxes | $126,145.51 | | | ($2,529.26) | | $372,808.60 | | ($27,515.77) | $480.17 | $0.00 |
| 11/01/2011 | $4,069.21 | | | Payment Due | $130,214.72 | | | | | $372,808.60 | | ($27,515.77) | $480.17 | $0.00 |
| 11/22/2011 | | $2,529.26 | | Escrow Advance - Taxes | $130,214.72 | | | ($2,529.26) | | $372,808.60 | | ($30,045.03) | $480.17 | $0.00 |
| 11/30/2011 | | | $13.50 | Property Inspection | $130,214.72 | | | ($13.50) | | $372,808.60 | | ($30,045.03) | $493.67 | $0.00 |
| 12/01/2011 | $4,069.21 | | | Payment Due | $134,283.93 | | | | | $372,808.60 | | ($30,045.03) | $493.67 | $0.00 |
| 01/01/2012 | $4,069.21 | | | Payment Due | $138,353.14 | | | | | $372,808.60 | | ($30,045.03) | $493.67 | $0.00 |
| 01/10/2012 | | | $13.50 | Property Inspection | $138,353.14 | | | ($13.50) | | $372,808.60 | | ($30,045.03) | $507.17 | $0.00 |
| 02/01/2012 | $4,069.21 | | | Payment Due | $142,422.35 | | | | | $372,808.60 | | ($30,045.03) | $507.17 | $0.00 |
| 02/03/2012 | | | $13.50 | Property Inspection | $142,422.35 | | | ($13.50) | | $372,808.60 | | ($30,045.03) | $520.67 | $0.00 |
| 02/25/2012 | | $2,532.67 | | Escrow Advance - Taxes | $142,422.35 | | | ($2,532.67) | | $372,808.60 | | ($32,577.70) | $520.67 | $0.00 |
| 02/25/2012 | | $2,345.00 | | Escrow Advance - Insurance | $142,422.35 | | | ($2,345.00) | | $372,808.60 | | ($34,922.70) | $520.67 | $0.00 |
| 03/01/2012 | $4,069.21 | | | Payment Due | $146,491.56 | | | | | $372,808.60 | | ($34,922.70) | $520.67 | $0.00 |
| 03/09/2012 | | | $13.50 | Property Inspection | $146,491.56 | | | ($13.50) | | $372,808.60 | | ($34,922.70) | $534.17 | $0.00 |
| 04/01/2012 | $4,069.21 | | | Payment Due | $150,560.77 | | | | | $372,808.60 | | ($34,922.70) | $534.17 | $0.00 |
| 04/12/2012 | | | $13.50 | Property Inspection | $150,560.77 | | | ($13.50) | | $372,808.60 | | ($34,922.70) | $547.67 | $0.00 |
| 04/27/2012 | | $2,540.92 | | Escrow Advance - Taxes | $150,560.77 | | | ($2,540.92) | | $372,808.60 | | ($37,463.62) | $547.67 | $0.00 |
| 05/01/2012 | $4,069.21 | | | Payment Due | $154,629.98 | | | | | $372,808.60 | | ($37,463.62) | $547.67 | $0.00 |
| 05/16/2012 | | | $13.50 | Property Inspection | $154,629.98 | | | ($13.50) | | $372,808.60 | | ($37,463.62) | $561.17 | $0.00 |
| 06/01/2012 | $4,069.21 | | | Payment Due | $158,699.19 | | | | | $372,808.60 | | ($37,463.62) | $561.17 | $0.00 |
| 06/12/2012 | | | $13.50 | Property Inspection | $158,699.19 | | | ($13.50) | | $372,808.60 | | ($37,463.62) | $574.67 | $0.00 |
| 07/01/2012 | $4,069.21 | | | Payment Due | $162,768.40 | | | | | $372,808.60 | | ($37,463.62) | $574.67 | $0.00 |

| Date | | | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/16/2012 | | $13.50 | Property Inspection | $162,768.40 | | ($13.50) | | $372,808.60 | ($37,463.62) | $588.17 | $0.00 |
| 08/01/2012 | $4,069.21 | | Payment Due | $166,837.61 | | | | $372,808.60 | ($37,463.62) | $588.17 | $0.00 |
| 08/03/2012 | | $2,552.00 | Escrow Advance - Taxes | $166,837.61 | | ($2,552.00) | | $372,808.60 | ($40,015.62) | $588.17 | $0.00 |
| 08/20/2012 | | $13.50 | Property Inspection | $166,837.61 | | ($13.50) | | $372,808.60 | ($40,015.62) | $601.67 | $0.00 |
| 09/01/2012 | $4,069.21 | | Payment Due | $170,906.82 | | | | $372,808.60 | ($40,015.62) | $601.67 | $0.00 |
| 09/18/2012 | | $13.50 | Property Inspection | $170,906.82 | | ($13.50) | | $372,808.60 | ($40,015.62) | $615.17 | $0.00 |
| 10/01/2012 | $4,069.21 | | Payment Due | $174,976.03 | | | | $372,808.60 | ($40,015.62) | $615.17 | $0.00 |
| 10/03/2012 | | $13.50 | Property Inspection | $174,976.03 | | ($13.50) | | $372,808.60 | ($40,015.62) | $628.67 | $0.00 |
| 10/12/2012 | | $2,552.00 | Escrow Advance - Taxes | $174,976.03 | | ($2,552.00) | | $372,808.60 | ($42,567.62) | $628.67 | $0.00 |
| 11/01/2012 | $4,069.21 | | Payment Due | $179,045.24 | | | | $372,808.60 | ($42,567.62) | $628.67 | $0.00 |
| 11/12/2012 | | $13.50 | Property Inspection | $179,045.24 | | ($13.50) | | $372,808.60 | ($42,567.62) | $642.17 | $0.00 |
| 12/01/2012 | $4,069.21 | | Payment Due | $183,114.45 | | | | $372,808.60 | ($42,567.62) | $642.17 | $0.00 |
| 12/11/2012 | | $13.50 | Property Inspection | $183,114.45 | | ($13.50) | | $372,808.60 | ($42,567.62) | $655.67 | $0.00 |
| 01/01/2013 | $4,069.21 | | Payment Due | $187,183.66 | | | | $372,808.60 | ($42,567.62) | $655.67 | $0.00 |
| 01/14/2013 | | $13.50 | Property Inspection | $187,183.66 | | ($13.50) | | $372,808.60 | ($42,567.62) | $669.17 | $0.00 |
| 02/01/2013 | $4,069.21 | | Payment Due | $191,252.87 | | | | $372,808.60 | ($42,567.62) | $669.17 | $0.00 |
| 02/11/2013 | | $13.50 | Property Inspection | $191,252.87 | | ($13.50) | | $372,808.60 | ($42,567.62) | $682.67 | $0.00 |
| 02/15/2013 | | $2,565.96 | Escrow Advance - Taxes | $191,252.87 | | ($2,565.96) | | $372,808.60 | ($45,133.58) | $682.67 | $0.00 |
| 02/26/2013 | | $2,650.00 | Escrow Advance - Insurance | $191,252.87 | | ($2,650.00) | | $372,808.60 | ($47,783.58) | $682.67 | $0.00 |
| 03/01/2013 | $4,069.21 | | Payment Due | $195,322.08 | | | | $372,808.60 | ($47,783.58) | $682.67 | $0.00 |
| 03/12/2013 | | $13.50 | Property Inspection | $195,322.08 | | ($13.50) | | $372,808.60 | ($47,783.58) | $696.17 | $0.00 |
| 04/01/2013 | $4,069.21 | | Payment Due | $199,391.29 | | | | $372,808.60 | ($47,783.58) | $696.17 | $0.00 |
| 04/09/2013 | | $13.50 | Property Inspection | $199,391.29 | | ($13.50) | | $372,808.60 | ($47,783.58) | $709.67 | $0.00 |
| 04/26/2013 | | $2,565.29 | Escrow Advance - Taxes | $199,391.29 | | ($2,565.29) | | $372,808.60 | ($50,348.87) | $709.67 | $0.00 |
| 05/01/2013 | $4,069.21 | | Payment Due | $203,460.50 | | | | $372,808.60 | ($50,348.87) | $709.67 | $0.00 |
| 05/07/2013 | | $13.50 | Property Inspection | $203,460.50 | | ($13.50) | | $372,808.60 | ($50,348.87) | $723.17 | $0.00 |
| 06/01/2013 | $4,069.21 | | Payment Due | $207,529.71 | | | | $372,808.60 | ($50,348.87) | $723.17 | $0.00 |
| 07/01/2013 | $4,069.21 | | Payment Due | $211,598.92 | | | | $372,808.60 | ($50,348.87) | $723.17 | $0.00 |
| 08/01/2013 | $4,069.21 | | Payment Due | $215,668.13 | | | | $372,808.60 | ($50,348.87) | $723.17 | $0.00 |
| 08/09/2013 | | $2,637.65 | Escrow Advance - Taxes | $215,668.13 | | ($2,637.65) | | $372,808.60 | ($52,986.52) | $723.17 | $0.00 |
| 08/28/2013 | | | Credit to Escrow | $215,668.13 | | $3,589.02 | | $372,808.60 | ($49,397.50) | $723.17 | $0.00 |
| 09/01/2013 | $4,069.21 | | Payment Due | $219,737.34 | | | | $372,808.60 | ($49,397.50) | $723.17 | $0.00 |
| 09/05/2013 | | $13.50 | Property Inspection | $219,737.34 | | ($13.50) | | $372,808.60 | ($49,397.50) | $736.67 | $0.00 |
| 10/01/2013 | $4,069.21 | | Payment Due | $223,806.55 | | | | $372,808.60 | ($49,397.50) | $736.67 | $0.00 |

| Date | | | Description | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/07/2013 | | $13.50 | Property Inspection | $223,806.55 | | | ($13.50) | $372,808.60 | ($49,397.50) | $750.17 |
| 10/11/2013 | | $2,637.65 | Escrow Advance - Taxes | $223,806.55 | | | ($2,637.65) | $372,808.60 | ($52,035.15) | $750.17 |
| 11/01/2013 | $4,069.21 | | Payment Due | $227,875.76 | | | | $372,808.60 | ($52,035.15) | $750.17 |
| 11/07/2013 | | $13.50 | Property Inspection | $227,875.76 | | | ($13.50) | $372,808.60 | ($52,035.15) | $763.67 |
| 12/01/2013 | $4,069.21 | | Payment Due | $231,944.97 | | | | $372,808.60 | ($52,035.15) | $763.67 |
| 12/09/2013 | | $13.50 | Property Inspection | $231,944.97 | | | ($13.50) | $372,808.60 | ($52,035.15) | $777.17 |
| 01/01/2014 | $4,069.21 | | Payment Due | $236,014.18 | | | | $372,808.60 | ($52,035.15) | $777.17 |
| 01/06/2014 | | $13.50 | Property Inspection | $236,014.18 | | | ($13.50) | $372,808.60 | ($52,035.15) | $790.67 |
| 02/01/2014 | $4,069.21 | | Payment Due | $240,083.39 | | | | $372,808.60 | ($52,035.15) | $790.67 |
| 02/07/2014 | | $13.50 | Property Inspection | $240,083.39 | | | ($13.50) | $372,808.60 | ($52,035.15) | $804.17 |
| 02/25/2014 | | $2,633.27 | Escrow Advance - Taxes | $240,083.39 | | | ($2,633.27) | $372,808.60 | ($54,668.42) | $804.17 |
| 03/01/2014 | $4,069.21 | | Payment Due | $244,152.60 | | | | $372,808.60 | ($54,668.42) | $804.17 |
| 03/07/2014 | | $3,330.00 | Escrow Advance - Insurance | $244,152.60 | | | ($3,330.00) | $372,808.60 | ($57,998.42) | $804.17 |
| 03/10/2014 | | $13.50 | Property Inspection | $244,152.60 | | | ($13.50) | $372,808.60 | ($57,998.42) | $817.67 |
| 04/01/2014 | $4,069.21 | | Payment Due | $248,221.81 | | | | $372,808.60 | ($57,998.42) | $817.67 |
| 04/09/2014 | | $13.50 | Property Inspection | $248,221.81 | | | ($13.50) | $372,808.60 | ($57,998.42) | $831.17 |
| 05/01/2014 | $4,069.21 | | Payment Due | $252,291.02 | | | | $372,808.60 | ($57,998.42) | $831.17 |
| 05/06/2014 | | $2,631.24 | Escrow Advance - Taxes | $252,291.02 | | | ($2,631.24) | $372,808.60 | ($60,629.66) | $831.17 |
| 05/09/2014 | | $13.50 | Property Inspection | $252,291.02 | | | ($13.50) | $372,808.60 | ($60,629.66) | $844.67 |
| 05/30/2014 | | | Credit to Escrow | $252,291.02 | | $2,864.00 | | $372,808.60 | ($57,765.66) | $844.67 |
| 06/01/2014 | $4,069.21 | | Payment Due | $256,360.23 | | | | $372,808.60 | ($57,765.66) | $844.67 |
| 06/10/2014 | | $13.50 | Property Inspection | $256,360.23 | | | ($13.50) | $372,808.60 | ($57,765.66) | $858.17 |
| 07/01/2014 | $4,069.21 | | Payment Due | $260,429.44 | | | | $372,808.60 | ($57,765.66) | $858.17 |
| 07/11/2014 | | $13.50 | Property Inspection | $260,429.44 | | | ($13.50) | $372,808.60 | ($57,765.66) | $871.67 |
| 07/17/2014 | | $3,917.00 | Escrow Advance - Insurance | $260,429.44 | | | ($3,917.00) | $372,808.60 | ($61,682.66) | $871.67 |
| 08/01/2014 | $4,069.21 | | Payment Due | $264,498.65 | | | | $372,808.60 | ($61,682.66) | $871.67 |
| 08/11/2014 | | $13.50 | Property Inspection | $264,498.65 | | | ($13.50) | $372,808.60 | ($61,682.66) | $885.17 |
| 08/20/2014 | | $2,633.83 | Escrow Advance - Taxes | $264,498.65 | | | ($2,633.83) | $372,808.60 | ($64,316.49) | $885.17 |
| 09/01/2014 | $4,069.21 | | Payment Due | $268,567.86 | | | | $372,808.60 | ($64,316.49) | $885.17 |
| 10/01/2014 | $4,069.21 | | Payment Due | $272,637.07 | | | | $372,808.60 | ($64,316.49) | $885.17 |
| 10/24/2014 | | $2,633.82 | Escrow Advance - Taxes | $272,637.07 | | | ($2,633.82) | $372,808.60 | ($66,950.31) | $885.17 |
| 11/01/2014 | $4,069.21 | | Payment Due | $276,706.28 | | | | $372,808.60 | ($66,950.31) | $885.17 |
| 12/01/2014 | $4,069.21 | | Payment Due | $280,775.49 | | | | $372,808.60 | ($66,950.31) | $885.17 |
| 12/03/2014 | | $16.17 | Escrow | $280,775.49 | | | ($16.17) | $372,808.60 | ($66,966.48) | $885.17 |

Note: The final column ($0.00) appears in every row.

| Date | Payment | Charge | Description | Balance | Credit | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Advance - Taxes | | | | | | |
| 12/03/2014 | | $1,077.34 | Escrow Advance - Taxes | $280,775.49 | ($1,077.34) | | $372,808.60 | ($68,043.82) | $885.17 $0.00 |
| 01/01/2015 | $4,069.21 | | Payment Due | $284,844.70 | | | $372,808.60 | ($68,043.82) | $885.17 $0.00 |
| 02/01/2015 | $4,069.21 | | Payment Due | $288,913.91 | | | $372,808.60 | ($68,043.82) | $885.17 $0.00 |
| 03/01/2015 | $4,069.21 | | Payment Due | $292,983.12 | | | $372,808.60 | ($68,043.82) | $885.17 $0.00 |
| 03/12/2015 | | $2,643.76 | Escrow Advance - Taxes | $292,983.12 | ($2,643.76) | | $372,808.60 | ($70,687.58) | $885.17 $0.00 |
| 04/01/2015 | $4,069.21 | | Payment Due | $297,052.33 | | | $372,808.60 | ($70,687.58) | $885.17 $0.00 |
| 04/21/2015 | | $2,643.74 | Escrow Advance - Taxes | $297,052.33 | ($2,643.74) | | $372,808.60 | ($73,331.32) | $885.17 $0.00 |
| 05/01/2015 | $4,069.21 | | Payment Due | $301,121.54 | | | $372,808.60 | ($73,331.32) | $885.17 $0.00 |
| 05/09/2015 | | $3,952.25 | Escrow Advance - Insurance | $301,121.54 | ($3,952.25) | | $372,808.60 | ($77,283.57) | $885.17 $0.00 |
| 06/01/2015 | $4,069.21 | | Payment Due | $305,190.75 | | | $372,808.60 | ($77,283.57) | $885.17 $0.00 |
| 07/01/2015 | $4,069.21 | | Payment Due | $309,259.96 | | | $372,808.60 | ($77,283.57) | $885.17 $0.00 |
| 08/01/2015 | $4,069.21 | | Payment Due | $313,329.17 | | | $372,808.60 | ($77,283.57) | $885.17 $0.00 |
| 08/25/2015 | | $2,739.20 | Escrow Advance - Taxes | $313,329.17 | ($2,739.20) | | $372,808.60 | ($80,022.77) | $885.17 $0.00 |
| 09/01/2015 | $4,069.21 | | Payment Due | $317,398.38 | | | $372,808.60 | ($80,022.77) | $885.17 $0.00 |
| 10/01/2015 | $4,069.21 | | Payment Due | $321,467.59 | | | $372,808.60 | ($80,022.77) | $885.17 $0.00 |
| 10/13/2015 | | $2,739.19 | Escrow Advance - Taxes | $321,467.59 | ($2,739.19) | | $372,808.60 | ($82,761.96) | $885.17 $0.00 |
| 11/01/2015 | $4,069.21 | | Payment Due | $325,536.80 | | | $372,808.60 | ($82,761.96) | $885.17 $0.00 |
| 12/01/2015 | $4,069.21 | | Payment Due | $329,606.01 | | | $372,808.60 | ($82,761.96) | $885.17 $0.00 |
| 01/01/2016 | $4,069.21 | | Payment Due | $333,675.22 | | | $372,808.60 | ($82,761.96) | $885.17 $0.00 |
| 01/29/2016 | | $2,738.85 | Escrow Advance - Taxes | $333,675.22 | ($2,738.85) | | $372,808.60 | ($85,500.81) | $885.17 $0.00 |
| 02/01/2016 | $4,069.21 | | Payment Due | $337,744.43 | | | $372,808.60 | ($85,500.81) | $885.17 $0.00 |
| 02/05/2016 | | $50.00 | Legal Costs | $337,744.43 | ($50.00) | | $372,808.60 | ($85,500.81) | $935.17 $0.00 |
| 03/01/2016 | $4,069.21 | | Payment Due | $341,813.64 | | | $372,808.60 | ($85,500.81) | $935.17 $0.00 |
| 04/01/2016 | $4,069.21 | | Payment Due | $345,882.85 | | | $372,808.60 | ($85,500.81) | $935.17 $0.00 |
| 04/15/2016 | | $2,738.84 | Escrow Advance - Taxes | $345,882.85 | ($2,738.84) | | $372,808.60 | ($88,239.65) | $935.17 $0.00 |
| 05/01/2016 | $4,069.21 | | Payment Due | $349,952.06 | | | $372,808.60 | ($88,239.65) | $935.17 $0.00 |
| 05/10/2016 | | $3,854.80 | Escrow Advance - Insurance | $349,952.06 | ($3,854.80) | | $372,808.60 | ($92,094.45) | $935.17 $0.00 |
| 06/01/2016 | $4,069.21 | | Payment Due | $354,021.27 | | | $372,808.60 | ($92,094.45) | $935.17 $0.00 |
| 07/01/2016 | $4,069.21 | | Payment Due | $358,090.48 | | | $372,808.60 | ($92,094.45) | $935.17 $0.00 |
| 07/26/2016 | | $2,738.71 | Escrow Advance - Taxes | $358,090.48 | ($2,738.71) | | $372,808.60 | ($94,833.16) | $935.17 $0.00 |
| 08/01/2016 | $4,069.21 | | Payment Due | $362,159.69 | | | $372,808.60 | ($94,833.16) | $935.17 $0.00 |
| 09/01/2016 | $4,069.21 | | Payment Due | $366,228.90 | | | $372,808.60 | ($94,833.16) | $935.17 $0.00 |
| 10/01/2016 | $4,069.21 | | Payment Due | $370,298.11 | | | $372,808.60 | ($94,833.16) | $935.17 $0.00 |
| 10/14/2016 | | $2,738.70 | Escrow Advance - Taxes | $370,298.11 | ($2,738.70) | | $372,808.60 | ($97,571.86) | $935.17 $0.00 |
| 11/01/2016 | $4,069.21 | | Payment Due | $374,367.32 | | | $372,808.60 | ($97,571.86) | $935.17 $0.00 |

| Date | | | Description | Balance | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/01/2016 | $4,069.21 | | Payment Due | $378,436.53 | | | $372,808.60 | ($97,571.86) | $935.17 | $0.00 |
| 01/01/2017 | $4,069.21 | | Payment Due | $382,505.74 | | | $372,808.60 | ($97,571.86) | $935.17 | $0.00 |
| 01/23/2017 | | $2,740.16 | Escrow Advance - Taxes | $382,505.74 | ($2,740.16) | | $372,808.60 | ($100,312.02) | $935.17 | $0.00 |
| 02/01/2017 | $4,069.21 | | Payment Due | $386,574.95 | | | $372,808.60 | ($100,312.02) | $935.17 | $0.00 |
| 03/01/2017 | $4,069.21 | | Payment Due | $390,644.16 | | | $372,808.60 | ($100,312.02) | $935.17 | $0.00 |
| 04/01/2017 | $4,069.21 | | Payment Due | $394,713.37 | | | $372,808.60 | ($100,312.02) | $935.17 | $0.00 |
| 04/17/2017 | $85.00 | | Legal Costs | $394,713.37 | ($85.00) | | $372,808.60 | ($100,312.02) | $1,020.17 | $0.00 |
| 04/17/2017 | $50.00 | | Legal Costs | $394,713.37 | ($50.00) | | $372,808.60 | ($100,312.02) | $1,070.17 | $0.00 |
| 04/17/2017 | $50.00 | | Legal Costs | $394,713.37 | ($50.00) | | $372,808.60 | ($100,312.02) | $1,120.17 | $0.00 |
| 04/18/2017 | | $2,740.15 | Escrow Advance - Taxes | $394,713.37 | ($2,740.15) | | $372,808.60 | ($103,052.17) | $1,120.17 | $0.00 |
| 04/26/2017 | $727.50 | | Legal Fees | $394,713.37 | ($727.50) | | $372,808.60 | ($103,052.17) | $1,847.67 | $0.00 |
| 05/01/2017 | $4,069.21 | | Payment Due | $398,782.58 | | | $372,808.60 | ($103,052.17) | $1,847.67 | $0.00 |
| 05/02/2017 | $1,800.00 | | Sheriff Deposit | $398,782.58 | ($1,800.00) | | $372,808.60 | ($103,052.17) | $3,647.67 | $0.00 |
| 05/11/2017 | | $3,573.00 | Escrow Advance - Insurance | $398,782.58 | ($3,573.00) | | $372,808.60 | ($106,625.17) | $3,647.67 | $0.00 |
| 05/31/2017 | | $1,955.43 | Escrow Advance - Taxes | $398,782.58 | ($1,955.43) | | $372,808.60 | ($108,580.60) | $3,647.67 | $0.00 |
| 05/31/2017 | | $23.70 | Escrow Advance - Taxes | $398,782.58 | ($23.70) | | $372,808.60 | ($108,604.30) | $3,647.67 | $0.00 |
| 05/31/2017 | | $1,579.61 | Escrow Advance - Taxes | $398,782.58 | ($1,579.61) | | $372,808.60 | ($110,183.91) | $3,647.67 | $0.00 |
| 06/01/2017 | $4,069.21 | | Payment Due | $402,851.79 | | | $372,808.60 | ($110,183.91) | $3,647.67 | $0.00 |
| 06/07/2017 | $75.00 | | Legal Costs | $402,851.79 | ($75.00) | | $372,808.60 | ($110,183.91) | $3,722.67 | $0.00 |
| 07/01/2017 | $4,069.21 | | Payment Due | $406,921.00 | | | $372,808.60 | ($110,183.91) | $3,722.67 | $0.00 |
| 08/01/2017 | $4,069.21 | | Payment Due | $410,990.21 | | | $372,808.60 | ($110,183.91) | $3,722.67 | $0.00 |
| 08/08/2017 | | $2,748.53 | Escrow Advance - Taxes | $410,990.21 | ($2,748.53) | | $372,808.60 | ($112,932.44) | $3,722.67 | $0.00 |
| 09/01/2017 | $4,069.21 | | Payment Due | $415,059.42 | | | $372,808.60 | ($112,932.44) | $3,722.67 | $0.00 |
| 09/12/2017 | $325.00 | | Legal Fees | $415,059.42 | ($325.00) | | $372,808.60 | ($112,932.44) | $4,047.67 | $0.00 |
| 09/13/2017 | $50.00 | | Legal Fees | $415,059.42 | ($50.00) | | $372,808.60 | ($112,932.44) | $4,097.67 | $0.00 |
| 10/01/2017 | $4,069.21 | | Payment Due | $419,128.63 | | | $372,808.60 | ($112,932.44) | $4,097.67 | $0.00 |
| 10/13/2017 | | $2,748.52 | Escrow Advance - Taxes | $419,128.63 | ($2,748.52) | | $372,808.60 | ($115,680.96) | $4,097.67 | $0.00 |
| 11/01/2017 | $4,069.21 | | Payment Due | $423,197.84 | | | $372,808.60 | ($115,680.96) | $4,097.67 | $0.00 |
| 11/29/2017 | $75.00 | | Legal Costs | $423,197.84 | ($75.00) | | $372,808.60 | ($115,680.96) | $4,172.67 | $0.00 |
| 12/01/2017 | $4,069.21 | | Payment Due | $427,267.05 | | | $372,808.60 | ($115,680.96) | $4,172.67 | $0.00 |
| 12/07/2017 | | $1,401.39 | Escrow Advance - Taxes | $427,267.05 | ($1,401.39) | | $372,808.60 | ($117,082.35) | $4,172.67 | $0.00 |
| 12/07/2017 | | $48.57 | Escrow Advance - Taxes | $427,267.05 | ($48.57) | | $372,808.60 | ($117,130.92) | $4,172.67 | $0.00 |
| 01/01/2018 | $4,069.21 | | Payment Due | $431,336.26 | | | $372,808.60 | ($117,130.92) | $4,172.67 | $0.00 |
| 01/25/2018 | | $2,743.05 | Escrow Advance - Taxes | $431,336.26 | ($2,743.05) | | $372,808.60 | ($119,873.97) | $4,172.67 | $0.00 |
| 02/01/2018 | $4,069.21 | | Payment Due | $435,405.47 | | | $372,808.60 | ($119,873.97) | $4,172.67 | $0.00 |
| 03/01/2018 | $4,069.21 | | Payment Due | $439,474.68 | | | $372,808.60 | ($119,873.97) | $4,172.67 | $0.00 |
| 04/01/2018 | $4,069.21 | | Payment Due | $443,543.89 | | | $372,808.60 | ($119,873.97) | $4,172.67 | $0.00 |

| Date | | | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/26/2018 | | $2,743.03 | Escrow Advance - Taxes | $443,543.89 | | ($2,743.03) | | $372,808.60 | ($122,617.00) | $4,172.67 | $0.00 |
| 05/01/2018 | $4,069.21 | | Payment Due | $447,613.10 | | | | $372,808.60 | ($122,617.00) | $4,172.67 | $0.00 |
| 05/10/2018 | | $3,569.00 | Escrow Advance - Insurance | $447,613.10 | | ($3,569.00) | | $372,808.60 | ($126,186.00) | $4,172.67 | $0.00 |
| 06/01/2018 | $4,069.21 | | Payment Due | $451,682.31 | | | | $372,808.60 | ($126,186.00) | $4,172.67 | $0.00 |
| 06/04/2018 | | $400.00 | Legal Fees | $451,682.31 | | | ($400.00) | $372,808.60 | ($126,186.00) | $4,572.67 | $0.00 |
| 06/04/2018 | | $50.00 | Legal Costs | $451,682.31 | | | ($50.00) | $372,808.60 | ($126,186.00) | $4,622.67 | $0.00 |
| 07/01/2018 | $4,069.21 | | Payment Due | $455,751.52 | | | | $372,808.60 | ($126,186.00) | $4,622.67 | $0.00 |
| 07/17/2018 | | $1,574.18 | Escrow Advance - Taxes | $455,751.52 | | ($1,574.18) | | $372,808.60 | ($127,760.18) | $4,622.67 | $0.00 |
| 07/17/2018 | | $83.30 | Escrow Advance - Taxes | $455,751.52 | | ($83.30) | | $372,808.60 | ($127,843.48) | $4,622.67 | $0.00 |
| 07/24/2018 | | $2,796.52 | Escrow Advance - Taxes | $455,751.52 | | ($2,796.52) | | $372,808.60 | ($130,640.00) | $4,622.67 | $0.00 |
| 08/01/2018 | $4,069.21 | | Payment Due | $459,820.73 | | | | $372,808.60 | ($130,640.00) | $4,622.67 | $0.00 |
| 08/08/2018 | | $75.00 | Legal Costs | $459,820.73 | | | ($75.00) | $372,808.60 | ($130,640.00) | $4,697.67 | $0.00 |
| 09/01/2018 | $4,069.21 | | Payment Due | $463,889.94 | | | | $372,808.60 | ($130,640.00) | $4,697.67 | $0.00 |
| 10/01/2018 | $4,069.21 | | Payment Due | $467,959.15 | | | | $372,808.60 | ($130,640.00) | $4,697.67 | $0.00 |
| 10/16/2018 | | $2,790.16 | Escrow Advance - Taxes | $467,959.15 | | ($2,790.16) | | $372,808.60 | ($133,430.16) | $4,697.67 | $0.00 |
| 11/01/2018 | $4,069.21 | | Payment Due | $472,028.36 | | | | $372,808.60 | ($133,430.16) | $4,697.67 | $0.00 |
| 12/01/2018 | $4,446.00 | | Payment Due | $476,474.36 | | | | $372,808.60 | ($133,430.16) | $4,697.67 | $0.00 |
| 01/01/2019 | $4,446.00 | | Payment Due | $480,920.36 | | | | $372,808.60 | ($133,430.16) | $4,697.67 | $0.00 |
| 01/24/2019 | | $2,766.97 | Escrow Advance - Taxes | $480,920.36 | | ($2,766.97) | | $372,808.60 | ($136,197.13) | $4,697.67 | $0.00 |
| 02/01/2019 | $4,446.00 | | Payment Due | $485,366.36 | | | | $372,808.60 | ($136,197.13) | $4,697.67 | $0.00 |
| 03/01/2019 | $4,446.00 | | Payment Due | $489,812.36 | | | | $372,808.60 | ($136,197.13) | $4,697.67 | $0.00 |
| 04/01/2019 | $4,446.00 | | Payment Due | $494,258.36 | | | | $372,808.60 | ($136,197.13) | $4,697.67 | $0.00 |
| 04/05/2019 | | | Credit to Principal | $494,258.36 | ($5,470.56) | | | $378,279.16 | ($136,197.13) | $4,697.67 | $0.00 |
| 04/19/2019 | | $2,834.49 | Escrow Advance - Taxes | $494,258.36 | | ($2,834.49) | | $378,279.16 | ($139,031.62) | $4,697.67 | $0.00 |
| 04/24/2019 | | $16.25 | Property Inspection | $494,258.36 | | | ($16.25) | $378,279.16 | ($139,031.62) | $4,713.92 | $0.00 |
| 05/01/2019 | $4,446.00 | | Payment Due | $498,704.36 | | | | $378,279.16 | ($139,031.62) | $4,713.92 | $0.00 |
| 05/07/2019 | | | Credit to Escrow | $498,704.36 | | $332.00 | | $378,279.16 | ($138,699.62) | $4,713.92 | $0.00 |
| 05/20/2019 | | $16.25 | Property Inspection | $498,704.36 | | | ($16.25) | $378,279.16 | ($138,699.62) | $4,730.17 | $0.00 |
| 06/01/2019 | $4,446.00 | | Payment Due | $503,150.36 | | | | $378,279.16 | ($138,699.62) | $4,730.17 | $0.00 |
| 06/17/2019 | | $3,569.00 | Escrow Advance - Insurance | $503,150.36 | | ($3,569.00) | | $378,279.16 | ($142,268.62) | $4,730.17 | $0.00 |
| 06/18/2019 | | $16.25 | Property Inspection | $503,150.36 | | | ($16.25) | $378,279.16 | ($142,268.62) | $4,746.42 | $0.00 |
| 06/21/2019 | | $370.00 | Property Appraisal / BPO | $503,150.36 | | | ($370.00) | $378,279.16 | ($142,268.62) | $5,116.42 | $0.00 |
| 07/01/2019 | $4,446.00 | | Payment Due | $507,596.36 | | | | $378,279.16 | ($142,268.62) | $5,116.42 | $0.00 |
| 07/23/2019 | | $2,841.39 | Escrow Advance - | $507,596.36 | | ($2,841.39) | | $378,279.16 | ($145,110.01) | $5,116.42 | $0.00 |

| Date | | | | Description | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Taxes | | | | | | | | | | |
| 08/01/2019 | $4,446.00 | | | Payment Due | $512,042.36 | | | | | $378,279.16 | | ($145,110.01) | $5,116.42 | $0.00 |
| 08/23/2019 | | $16.25 | | Property Inspection | $512,042.36 | | | ($16.25) | | $378,279.16 | | ($145,110.01) | $5,132.67 | $0.00 |
| 09/01/2019 | $4,446.00 | | | Payment Due | $516,488.36 | | | | | $378,279.16 | | ($145,110.01) | $5,132.67 | $0.00 |
| 09/19/2019 | | $16.25 | | Property Inspection | $516,488.36 | | | ($16.25) | | $378,279.16 | | ($145,110.01) | $5,148.92 | $0.00 |
| 10/01/2019 | $4,446.00 | | | Payment Due | $520,934.36 | | | | | $378,279.16 | | ($145,110.01) | $5,148.92 | $0.00 |
| 10/22/2019 | | $2,850.42 | | Escrow Advance - Taxes | $520,934.36 | | ($2,850.42) | | | $378,279.16 | | ($147,960.43) | $5,148.92 | $0.00 |
| 11/01/2019 | $4,446.00 | | | Payment Due | $525,380.36 | | | | | $378,279.16 | | ($147,960.43) | $5,148.92 | $0.00 |
| 12/01/2019 | $7,916.91 | | | Payment Due | $533,297.27 | | | | | $378,279.16 | | ($147,960.43) | $5,148.92 | $0.00 |
| 12/03/2019 | | $7,460.97 | | Escrow Advance - Taxes | $533,297.27 | | ($7,460.97) | | | $378,279.16 | | ($155,421.40) | $5,148.92 | $0.00 |
| 12/04/2019 | | | | BK Filed | $533,297.27 | | | | | $378,279.16 | | ($155,421.40) | $5,148.92 | $0.00 |
| **Total** | | | | | | | | | | **$378,279.16** | | **($155,421.40)** | **$5,148.92** | **$0.00** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
856-813-5500
Attorneys for CITIMORTGAGE, INC.

In Re:                                      Case No:  19-32718 - SLM

Diana Mena

                                            Judge:  STACEY L. MEISEL

                                            Chapter:  13

## CERTIFICATION OF SERVICE

1.     I, Shannon Cills:

☐ represent the _____ in the above-captioned matter.

☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents CITIMORTGAGE, INC. in the above captioned matter.

☐ am the _____ in the above case and am representing myself.

2.     On February 11, 2020 I sent a copy of the following pleadings and/or documents to the parties listed below:

Proof of Claim

3.     I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:  February 11, 2020                   /s/ *Shannon Cills*
                                            Shannon Cills

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Benjamin Jamie Ginter<br>34 Forest Ave<br>Cranford, NJ 07016 | Debtor's Attorney | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☒ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| Marie-Ann Greenberg<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd<br>Suite 330<br>Fairfield, NJ 07004 | Trustee | ☐ Hand-delivered<br><br>☐ Regular Mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☒ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

# CENLAR
**CENTRAL LOAN ADMINISTRATION & REPORTING**

PO Box 77404
Ewing, NJ 08628

THOMAS D JAMES
820 PALISADE AVE
UNION CITY NJ 07087-4120

12/23/19
LOAN NO:
https://www.loanadministration.com
Customer Service

Page 1 of 1

| Please see the enclosed insert "Understanding Your Escrow Account Disclosure Statement". This handy guide is intended to help you understand your statement and answer some commonly asked questions about your escrow analysis. |
| --- |

## ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT

As you know, we are required to maintain an escrow account which is used to pay your real estate taxes and/or insurance premiums. This account must be analyzed annually to determine whether enough funds are being collected monthly, and whether the account has a shortage or surplus based on the anticipated activity.

### P R E S E N T   L O A N   P A Y M E N T

| Your present payment, 04/01/09 consists of: | Principal & Interest (P & I) | $3,229.32 |
| --- | --- | --- |
| | Escrow Deposit | $839.89 |
| **Total Loan Payment** | | **$4,069.21** |

### A N T I C I P A T E D   A N N U A L   D I S B U R S E M E N T S

These are the escrow items we anticipate we will collect for or pay on your behalf in the upcoming 12 month period. The dollar amount shown may be the last amount actually paid for that item, or may project the next amount due as defined by Federal law. Based on these anticipated disbursements, the amount of your escrow deposit is calculated and displayed here.

| Bills due in the upcoming year: | City Tax | $11,293.77 |
| --- | --- | --- |
| | Taxes | $7,460.97 |
| | Hazard Ins | $3,569.00 |

| **Annual Disbursements:** | **$22,323.74** | **One-Twelfth/Monthly Amount:** | **$1,860.32** |
| --- | --- | --- | --- |

### A C C O U N T   H I S T O R Y

The following statement of activity in your escrow account from 12/19 through 12/19 displays actual activity as it occurred in your escrow account during that period. Your monthly mortgage payment was $4,069.21 and $839.89 went into your escrow account. If you received Account Projections with a prior analysis, they are included again here for comparison.

| | Payments | | Disbursements | | | Projected Escrow | Actual Escrow |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Month | Projected | Actual | Projected | Actual | Description | Account Balance | Account Balance |
| | | | | | **Beginning Balance** | **$5,454.75** | **-$147,960.93** |
| DEC 2019 | 1,238.57 | 116,714.99 E* | | 7,460.97 E* | TAXES | 6,693.32 | -38,706.91 |
| JAN 2020 | 1,238.57 | * | 2,766.97 | * | R.E. TAX | 5,164.92 | |
| FEB 2020 | 1,238.57 | * | | | | 6,403.49 | |
| MAR 2020 | 1,238.57 | * | | | | 7,642.06 | |
| APR 2020 | 1,238.57 | * | 2,834.49 | * | R.E. TAX | 6,046.14 | |
| APR 2020 | | | 3,569.00 | * | HAZARD INS | 2,477.14 | |
| MAY 2020 | 1,238.57 | * | | | | 3,715.71 | |
| JUN 2020 | 1,238.57 | * | | | | 4,954.28 | |
| JUL 2020 | 1,238.57 | * | 2,841.39 | * | R.E. TAX | 3,351.46 | |
| AUG 2020 | 1,238.57 | * | | | | 4,590.03 | |
| SEP 2020 | 1,238.57 | * | | | | 5,828.60 | |

**\*\*\* CONTINUED ON REVERSE SIDE \*\*\***

x

| | | | | | |
|---|---|---|---|---|---|
| OCT  2020 | 1,238.57 | * | 2,850.92 | * R.E. TAX | 4,216.25 |
| NOV  2020 | 1,238.57 | * | | | 5,454.82 |

An asterisk (*) beside an amount indicates a difference from projected activity either in the amount or the date.  Please note since mortgage insurance is paid monthly on the annual renewal date of the premium and PMI is paid monthly for the prior month's premium, additional asterisks report in the Account History for these items, if applicable. The letter "E" beside an amount indicates that the payment or disbursement has not yet occurred, but is estimated to occur as shown.

Last year we anticipated that Disbursements would be made from your Escrow Account during the period equaling $14,862.77. Under Federal Law, your lowest monthly balance should not have exceeded $2,477.14, or 1/6th of total anticipated payments from the account, unless your loan contract or State law specifies a lower amount.

Under your loan contract and State law your lowest monthly balance should not have exceeded $2,477.14.

## A C C O U N T   P R O J E C T I O N S

The following estimate of activity in your escrow account from 01/20 through 12/20 is provided for your information. All payments we anticipate receiving as well as disbursements we anticipate making on your behalf are included, along with the Projected Escrow Account Balance, derived by carrying forward your current actual escrow balance. The Required Escrow Account Balance displays the amount actually required to be on hand as specified by Federal law, State law and your loan documents, and may include a cushion of up to 1/6th of your Annual Disbursements. Please retain this statement for comparison with the actual activity in your account at the end of the next escrow account computation year.

| Month | Anticipated Amount To Escrow | Anticipated Amount From Escrow | Description | Projected Escrow Account Balance | Required Escrow Account Balance |
|---|---|---|---|---|---|
| | | | Beginning Balance | -$38,706.91 | $12,910.79 |
| JAN  2020 | 1,860.32 | 2,766.97 | R.E. TAX | -39,613.56 | 12,004.14 |
| JAN  2020 | | 7,460.97 | TAXES | -47,074.53 | 4,543.17 |
| FEB  2020 | 1,860.32 | | | -45,214.21 | 6,403.49 |
| MAR  2020 | 1,860.32 | | | -43,353.89 | 8,263.81 |
| APR  2020 | 1,860.32 | 2,834.49 | R.E. TAX | -44,328.06 | 7,289.64 |
| APR  2020 | | 3,569.00 | HAZARD INS | -47,897.06 | 3,720.64 |
| MAY  2020 | 1,860.32 | | | -46,036.74 | 5,580.96 |
| JUN  2020 | 1,860.32 | | | -44,176.42 | 7,441.28 |
| JUL  2020 | 1,860.32 | 2,841.39 | R.E. TAX | -45,157.49 | 6,460.21 |
| AUG  2020 | 1,860.32 | | | -43,297.17 | 8,320.53 |
| SEP  2020 | 1,860.32 | | | -41,436.85 | 10,180.85 |
| OCT  2020 | 1,860.32 | 2,850.92 | R.E. TAX | -42,427.45 | 9,190.25 |
| NOV  2020 | 1,860.32 | | | -40,567.13 | 11,050.57 |
| DEC  2020 | 1,860.32 | | | -38,706.81 | 12,910.89 |

Your Projected Escrow Account Balance as of 12/31/19 is -$38,706.91. Your Required Beginning Escrow Balance according to this analysis should be $12,910.79.
Once during this period, your Required Escrow Account Balance should be reduced to $3,720.64 as shown in April.  This amount represents the cushion selected by us as allowed by your loan contract, Federal and State law.

## N E W   L O A N   P A Y M E N T

| | | |
|---|---|---|
| Your new payment consists of: | Principal & Interest (P & I) | $3,229.32 |
| | Escrow Deposit | $1,860.32 |
| **New Loan Payment** | **Beginning on January 1, 2020** | **$5,089.64** |

Important Notes:

**Automatic Draft Customers:**  If you're enrolled in Automatic Drafting, any additional principal deductions you have previously authorized are not included in the above listed new payment amount.  However, until we are otherwise advised, the authorized additional principal amount will continue to be withdrawn from your account.

**Adjustable Rate Mortgage Customers:** If your loan has an adjustable interest rate your monthly principal and interest payment may change prior to your next Escrow Analysis.

**Insurance Renewal/Changing Insurance Companies:** Upload proof of insurance coverage at www.MyCoverageInfo.com  using PIN: CEN300.

TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS LOAN STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT INDEBTEDNESS AS YOUR PERSONAL OBLIGATION.

Should you have any questions about this Escrow Analysis, please call our Customer Service Department at 855-839-6253.

# NOTE

**Multistate**

**August 16, 2005**
[Date]

**820 PALISADE AVE, COUNTY OF HUDSON, UN CITY, NJ  07087**
[Property Address]

## 1  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns  "Lender" means

**CitiMortgage, Inc**

and its successors and assigns

## 2  BORROWER'S PROMISE TO PAY, INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Three      Hundred      Seventy Thousand Four Hundred Seventy Five**

Dollars (U S  $ **370,475 00**                    ), plus interest, to the order of Lender  Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **Five**
percent ( **5 000**                           %) per year until the full amount of principal has been paid

## 3  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument " The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note

## 4  MANNER OF PAYMENT

**(A)  Time**
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **October 1, 2005**              ,                   Any principal and interest remaining on the first day of **September, 2020**              , , will be due on that date, which is called the "Maturity Date "

**(B)  Place**
Payment shall be made at **1000 Technology Drive, O' Fallon, MO  63304**
or at such place as Lender may designate in writing by notice to Borrower

**(C)  Amount**
Each monthly payment of principal and interest will be in the amount of U S  $ **2,929 69**                This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument

**(D)  Allonge to this Note for payment adjustments**
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note  [Check applicable box]

[ ] Graduated Payment Allonge  [ ] Growing Equity Allonge  [ ] Other [specify]

## 5  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month  Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary  If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes

  FHA Multistate Fixed Rate Note - 10/95



Page 1 of 2                            Initials 

## 6  BORROWER'S FAILURE TO PAY

### (A)  Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **Four** percent ( **4 000** %) of the overdue amount of each payment

### (B)  Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest  Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default  In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults  This Note does not authorize acceleration when not permitted by HUD regulations  As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee

### (C)  Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law  Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note

## 7  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor  "Presentment" means the right to require Lender to demand payment of amounts due  "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid

## 8  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address

## 9  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note  Lender may enforce its rights under this Note against each person individually or against all signatories together  Any one person signing this Note may be required to pay all of the amounts owed under this Note

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note

_____ (Seal)
-Borrower

Thomas D  James

PAY TO THE ORDER OF

WITHOUT RECOURSE ON US
CitiMortgage, Inc

BY _____
WILLIAM S FELTS, Vice President
CitiMortgage, Inc

Return To:
CitiMortgage, Inc.
Attn: Document Processing
P.O. Box 790021
St. Louis, MO  63179-0021

Prepared By:
CitiMortgage, Inc.
Main Street Plaza 1000
Suite 310
Voorhees, NJ  08043

000058660
RECEIVED
AND
RECORDED
MTG

09/20/2005 10:29A
BARBARA A. DONNELLY
HUDSON COUNTY
REGISTER OF DEEDS
Receipt No. 278118

——————————————[Space Above This Line For Recording Data]——————————————

State of New Jersey

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **August 16, 2005**
The Mortgagor is **Thomas D James, Soley**

("Borrower"). This Security Instrument is given to  **CitiMortgage, Inc.**

which is organized and existing under the laws of **New York**
whose principal office and mailing address is **1000 Technology Drive, O' Fallon, MO  63368-2240**                          , and
**Three Hundred Seventy Thousand Four Hundred Seventy Five**                        ("Lender"). Borrower owes Lender the principal sum of

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on **September 1, 2020**
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's

Dollars (U.S. $370,475.00                      ).



FHA New Jersey Mortgage - 4/96
Page 1 of 8
VMP Mortgage Solution

Initials: *JH  DM*

BK=13375   PG=00147

covenants and agreements under this Security Instrument and the Note. This Security Instrument and the Note secured hereby are subject to modification (including changes in the interest rate, the due date, and other terms and conditions), as defined in New Jersey Laws 1985, ch. 353, Section 1 et seq., and upon such modification, shall have the benefit of the lien priority provisions of that law. The maximum principal amount secured by this Security Instrument is $ 370,475.00 . For these purposes, Borrower does hereby mortgage, grant and convey to the Lender the following described property located in HUDSON

See attached schedule A                                                                    County, New Jersey:

Parcel ID Number:
which has the address of 820 PALISADE AVE COUNTY OF HUDSON                                        [Street]
UN CITY                         [City], New Jersey 07087-        [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.
Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."
Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be

Page 2 of 8                                   Initials: DM

## LEGAL DESCRIPTION

ALL that certain lot, parcel or tract of land, situate and lying in the City of Union, County of Hudson, State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the southeasterly line of Palisade Avenue in range with the centerline of a party wall set between the building on the land herein described and the building on the lands adjoining on the northeast, which beginning point according to a survey made by Clark and Hartman, dated June 19, 1945, is distant 17.14 feet measured southwesterly along the said line of Palisade Avenue from the northeasterly line of Lot Number 24 on a map entitled "Map of Property in East Hoboken, Hudson County, NJ" and from said point of beginning running:

(1)     To, through and beyond the said party wall on a course of South 54 degrees 41 minutes 20 seconds East 100 feet; thence

(2)     Parallel with the said line of Palisade Avenue, South 55 degrees West, 16.71 feet; thence

(3)     North 54 degrees 34 minutes 50 seconds West to, through and beyond the center line of the party wall between the building on the land herein described and the building on the lands adjoining on the southwest, 100 feet to the said line of Palisade Avenue; and thence

(4)     Along the said line of Palisade Avenue, North 35 degrees East, 16.52 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 24 in Block 186 on the City of Union Tax Map.

BK:13375     PG:00149

amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or



Page 3 of 8                                Initials ___ D M

abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

   **6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

   **7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

   If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

   Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

   Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

   **8. Fees.** Lender may collect fees and charges authorized by the Secretary.

   **9. Grounds for Acceleration of Debt.**

   (a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

   (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

   (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

   (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

Page 4 of 8                                    Initials: DM

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

Page 5 of 8

Initials: DM

BK=13375   PG=00152

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

Initials: DM

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider        ☐ Growing Equity Rider        ☐ Other [specify]
☐ Planned Unit Development Rider   ☐ Graduated Payment Rider

Page 7 of 8

Initials

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this **Sixteenth** day of **August, 2005** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to CitiMortgage, Inc.

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at: **820 PALISADE AVE, COUNTY OF HUDSON, UN CITY, NJ 07087**

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

MULTISTATE 1- 4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3170 1/01

Page 1 of 3          Initials: _DM_

VMP Mortgage Solutions, Inc.

BK:13375    PG:00155

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

Page 2 of 3

Initials: _____

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained
in this 1-4 Family Rider.

_____ (Seal)
Thomas D. James                                                                    -Borrower

_____
Diana C. Mena

Page 3 of 3

Form 3170 1/01
CitiMortgage 2.9.0.47 V1

BK:13375  PG:00157

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____ (Seal)
Thomas D. James                                         -Borrower
(Sign Original Only)

_____
Diana C. Mena

STATE OF NEW JERSEY,
   On this   16th day of   August      , 2005          ESSEX               County ss:
                                                       , before me, the subscriber, personally appeared

   THOMAS D. JAMES and DIANA C. MENA

                                                                who, I am satisfied,
is/are the person(s) named in and who executed the within instrument, and thereupon acknowledged that he/she/they
signed, sealed and delivered the same as his/her/their act and deed, for the purposes therein expressed.

_____
                Notary Public

                        SUSAN S. KALIN
                        A Notary Public of New Jersey
                        My Commission Expires 02/09/2010

Page 8 of 8

BK:13375    PG:00158

When Recorded Return To:
CitiMortgage, Inc.
Attn: Loss Mitigation Department #0010
5280 Corporate Drive
Frederick, MD 21703


Certified to be a True
and Correct Copy
S/James DiMaggio, Esquire

## LOAN MODIFICATION AGREEMENT
(PROVIDING FOR FIXED INTEREST RATE/CAPITALIZATION)

This Loan Modification Agreement ("Agreement"), made 11/21/08, between THOMAS D JAMES . Single ("Borrower") residing at 820 PALISADE AVE UNION CITY NJ, 07087-4120 and CitiMortgage, Inc. ("Lender") having offices at 5280 Corporate Drive, Frederick, MD 21703 and amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") dated 08/16/05 and recorded on 09/20/05, Document number na, Book number 13375, Page 147 in the Official Records of HUDSON County, New Jersey and (2) the Note bearing the same date as, and secured by the Security Instrument , which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 820 PALISADE AVE, UN CITY NJ, 07087, the real property described as being set forth as follows:

### (SEE ATTACHED LEGAL DESCRIPTION)

In consideration of the mutual promises and agreements exchanged , the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 11/21/08, the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $ 345,670.42. The Borrower acknowledges that interest has accrued but has not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses in the total amount of $30,963.41, have been added to the indebtedness under the terms of the Note and Security Instrument and the loan re-amortized over 180 months. When payments resume on 01/01/09, the New Unpaid Principal Balance will be $ 376,633.83. ✓

2. The Borrower promises to pay the New Unpaid Principal Balance, plus Interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 6.250% effective 12/01/08 (the Interest Change Date"). The Borrower promises to make monthly payments of principal and interest of U.S. $ 3,229.34 (which does not include and amounts required for Insurance and/or Taxes) beginning on 01/01/09 and continuing thereafter on the same date of each succeeding month until principal and interest are paid in full.

If on 12/01/23 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, the Borrower will pay those amounts in full on the Maturity Date. All other terms stated in the Note remain the same.

The Borrower will make such payments at Post Office Box 9481, Gaithersburg, MD 20898-9481, or at such other place as the Lender may require.

3. If all or any part of the property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument.

If the Lender exercises this option , the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by the Security Instrument. If the Borrower fails to pay these sums prior to the expiration period, the Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on the Borrower.
Page 1

## LEGAL DESCRIPTION

ALL that certain lot, parcel or tract of land, situate and lying in the City of Union, County of Hudson, State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the southeasterly line of Palisade Avenue in range with the centerline of a party wall set between the building on the land herein described and the building on the lands adjoining on the northeast, which beginning point according to a survey made by Clark and Hartman, dated June 19, 1945, is distant 17.14 feet measured southwesterly along the said line of Palisade Avenue from the northeasterly line of Lot Number 24 on a map entitled "Map of Property in East Hoboken, Hudson County, NJ" and from said point of beginning running:

(1)      To, through and beyond the said party wall on a course of South 54 degrees 41 minutes 20 seconds East 100 feet; thence

(2)      Parallel with the said line of Palisade Avenue, South 55 degrees West, 16.71 feet; thence

(3)      North 54 degrees 34 minutes 50 seconds West to, through and beyond the center line of the party wall between the building on the land herein described and the building on the lands adjoining on the southwest, 100 feet to the said line of Palisade Avenue; and thence

(4)      Along the said line of Palisade Avenue, North 35 degrees East, 16.52 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 24 in Block 186 on the City of Union Tax Map.

4. The Borrower also will comply with all the other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all the payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make the under Security Instrument; however, the following terms and provisions are forever canceled, null, and void, as of the date specified in paragraph No. 1 above:

     (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and,

     (b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, or part of, the Note and Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by and comply with, all of the terms and provisions thereof, as amended by this Agreement.

6. It is mutually agreed that the Security Instrument shall constitute a first lien upon the premise and that neither the obligation evidencing the aforesaid indebtedness nor the Security Instrument shall in any way be prejudiced by this Agreement, but said obligation and Security Instrument and all the covenants and agreements thereof and the rights of the parties thereunder shall remain in full force and effect except as herein expressly modified.

IN WITNESS WHEREOF, the parties have signed, sealed and delivered this agreement on the date above written.

12-10-08
Date     Borrower - THOMAS D JAMES

Date     Borrower -

Date     Borrower -

Date     Borrower -

     CitiMortgage, Inc.
12/30/08     By:
Date     Lender -   ~~Bobbie Allen~~ Rhonda Clark
          Assistant Vice President

CITIMORTGAGE, INC. SEAL NEW YORK

Page 2

——————————[Space Below This Line for Acknowledgments]——————————

State of                          )
                                  )SS
County of                         )

**On this** 10 **day of** December 2008, before me personally appeared Thomas D. Ocaso, to me known or proved to be the person(s) described in and who executed the foregoing instrument, and acknowledged that HE/SHE/THEY executed the same as HIS/HER/THEIR free act and deed.

     **IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

Notary Public _Denisse Rivera_

My Commission Expires: _March 14, 2013_

**DENISSE RIVERA**
**NOTARY PUBLIC OF NEW JERSEY**
**MY COMMISSION EXPIRES MAR. 14, 2013**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

State of                          )
                                  ) SS
County of                         )

     **On this** _____ day of _____, _____, before me personally appeared _____to me known or proved to be the person(s) described in and who executed the foregoing instrument, and acknowledged that HE/SHE/THEY executed the same as HIS/HER/THEIR free act and deed.

     **IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

Notary Public _____

My Commission Expires: _____

Page 3

STATE OF **Maryland**
COUNTY OF **Frederick**

On __12/30/08__ before me,_____**Abraham Perez**_____, a Notary Public in and for
said County and State, personally appeared ~~Rhonda~~ **Bobbie Allen, Assistant Vice President**          -
and _____**CitiMortgage, Inc**_____

known to be (or proved to be on the basis of satisfactory evidence) the person(s) whose name(s) is/are subscribed
to this Loan Modification instrument that acknowledge to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal:

_____          **Abraham Perez**
_____          _____
Notary Signature                          Notary Name (Typed or Printed)

Page 4

# Exhibit "B"

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0 Valuation of Security   0 Assumption of Executory Contract or Unexpired Lease   0 Lien Avoidance

Last Revised September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:                                                    Case No. _____

Mena, Diana                                               Judge _____
_____
                        Debtor(s)

### CHAPTER 13 PLAN AND MOTIONS

[ ] Original                    [x] Modified/Notice Required        Date: March 26, 2020

[ ] Motions Included            [ ] Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

THIS PLAN:

[ ] DOES [X] DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[ ] DOES [X] DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

[ ] DOES [X] DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: BJG        Initial Debtor: **DM**        Initial Co-Debtor:

## Part 1: Payment and Length of Plan

a.  The debtor shall pay $ **140.00** per **month** to the Chapter 13 Trustee, starting on ___**January 1, 2020**___ for approximately **60** months.

b.  The debtor shall make plan payments to the Trustee from the following sources:
[X] Future Earnings
[ ] Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:
[ ] Sale of real property
Description:
Proposed date for completion: _____

[ ] Refinance of real property
Description:
Proposed date for completion: _____

[ x ] Loan modification with respect to mortgage encumbering property
Description: Loan Modification with Citi Mortgage on primary residence
Proposed date for completion: __**June 4, 2020**__

d.  [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection [X] NONE

a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____1937_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____Citi Mortgage_____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Law Office of Benjamin J. Ginter** | Administrative Expense | **2,800.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
[X] None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence: [X]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | **Debtor shall make adequate protection payments each month in the amount of $1937 until a decision has been made on debtors' loan modification application** |
| **Citi Mortgage** | **primary residence** | **$100,000** | 0 | 0 | |
| Bayview payments | primary residence | $13,280 | | Debtor shall make regular | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| None | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

3

| None | | | | | |
|------|--|--|--|--|--|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [X] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|----------|-----------|----------------|------------------------|----------------|------------------------------------------|----------------------|-------------------------|
| None | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender [X] NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|----------|------------------------------|---------------------------------|--------------------------|
| None | | | |

**f. Secured Claims Unaffected by the Plan [X] NONE**

The following secured claims are unaffected by the Plan:
None

**g. Secured Claims to Be Paid in Full Through the Plan [X] NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|----------|-----------|------------------------------------------|
| None | | |

## Part 5: Unsecured Claims [ ] NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

____ Not less than $ _____ to be distributed *pro rata*
__x_ Not less than __**100**__ percent
____ *Pro Rata* distribution from any remaining funds

**b. Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|----------|-----------------------------------|-----------|-------------------|

| None | | | |
|------|--|--|--|

## Part 6: Executory Contracts and Unexpired Leases [X] NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|----------|----------------------------|----------------------------|--------------------|----------------------|
| None | | | | |

## Part 7: Motions [  ] NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** [  ] NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|----------|---------------------|-------------|---------------|--------------------|-----------------------------|--------------------------------------------|------------------------------|
| None | | | | | | | |

**b. Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured. [X] NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|----------|-----------|---------------|------------------------|---------------|------------------------------------------|-----------------------------------------|
| None | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. [X] NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|----------|-----------|---------------|------------------------|----------------------------|----------------------------------------|
| None | | | | | |

## Part 8: Other Plan Provisions

5

**a. Vesting of Property of the Estate**

_X_  Upon Confirmation
____  Upon Discharge

**b. Payment Notices**

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) **Trustee Commissions**
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

**d. Post-petition claims** The Standing Trustee [ ] is, [X] is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification [ ] NONE

If this plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
| Added 2nd mortgage | Payments to 2nd mortgage to bring arrears current |

Are Schedules I and J being filed simultaneously with this Modified Plan? [ ] Yes [X] No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

[X] NONE
[ ] Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

6

| Date: **March 26, 2020** | _/s/ Diana Mena_ |
| | Debtor |
| Date: **March 26, 2020** | |
| | Joint Debtor |
| Date: **March 26, 2020** | _/s/ Benjamin Ginter_ |
| | Attorney for the Debtor(s) |

7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

833907
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
856-813-5500
Attorneys for CITIMORTGAGE, INC.

| | |
|---|---|
| In Re:<br><br>Diana Mena | Case No:  19-32718 - SLM<br><br>Hearing Date: 05/13/2020<br><br>Judge:  STACEY L. MEISEL<br><br>Chapter:  13 |

## CERTIFICATION OF SERVICE

1.    I, Miguel Zavala:

☐ represent the _____ in the above-captioned matter.

☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents CITIMORTGAGE, INC. in the above captioned matter.

☐ am the _____ in the above case and am representing myself.

2.    On April 20, 2020 I sent a copy of the following pleadings and/or documents to the parties listed below:

Objection to Plan

3.    I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.


Dated:  April 20, 2020                    /s/ *Miguel Zavala*
                                          Miguel Zavala

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Diana Mena<br>820 Palisade Ave<br>Union City, NJ 07087-4120 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| Benjamin Jamie Ginter<br>34 Forest Ave<br>Cranford, NJ 07016 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| Marie-Ann Greenberg<br>Chapter 13 Standing Trustee<br>30 Two Bridges Rd<br>Suite 330<br>Fairfield, NJ 07004 | Trustee | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U. S. Trustee | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

\* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.